# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
## AT KNOXVILLE
### Assigned on Briefs October 24, 2023

# DAVID HUTCHINS v. CARDINAL GLASS INDUSTRIES, ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2021-02-0572, Brian K. Addington, Judge**

FILED
JAN 11 2024
Clerk of the Appellate Courts
REc'd By ____

**No. E2023-00587-SC-R3-WC – MAILED 12/01/2023**

Appellant David Hutchins challenges the trial court's denial of his Motion to continue a summary judgment hearing and its denial of his Motion to Alter or Amend the Court's summary judgment. The appeal was referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm.

### Tenn. Code Ann. § 50-6-217(a)(2)(B) Appeal as of Right;
### Decision of the Workers' Compensation Appeals Board Affirmed

Don R. Ash, Sr., J., delivered the opinion of the court, in which Dwight E. Tarwater, J. and Roy B. Morgan, Jr., J., joined.

Donald F. Mason, Jr., Kingsport, Tennessee, for the appellant, David Hutchins

Taylor R. Pruitt and Catheryne L. Grant, Brentwood, Tennessee, for the appellees, Cardinal Glass Industries and Sentry Claims Group, LLC

### OPINION

### Factual and Procedural Background

On September 15, 2021, David Hutchins ("Employee") reportedly injured his left knee while working for Cardinal Glass Industries, Inc. ("Employer"). The injury allegedly occurred while Employee was walking out of Employer's control room to the plant floor.

Employee sought workers' compensation benefits. He was provided a panel of physicians, from which he selected Ballad Health. X-rays taken at the Ballad facility showed no fractures. The medical providers at Ballad prescribed medication for Employee and provided him a brace.

Employee provided a recorded statement to Employer's insurance representative. Thereafter, Employer denied Employee's claim for workers' compensation benefits, finding his injury was idiopathic and therefore not compensable.

On October 20, 2021, Employee filed a Petition for Benefit Determination with the Court of Workers' Compensation Claims. Several months later, on April 19, 2022, Employee filed a request for a scheduling hearing, expressly indicating he had reached maximum medical improvement and wanted to proceed with developing a discovery plan, obtaining a Scheduling Order, and setting his case for trial.

The court entered a Scheduling Order on June 1, 2022, which in relevant part required Employee to disclose all medical experts by July 29, 2022. Employee, however, did not disclose any medical expert by the July 29 deadline.

Employer moved for summary judgment on August 3, 2022, noting Employee's lack of medical evidence to show his injury primarily arose from his employment. Employer noticed its summary judgment motion for a hearing to occur on September 23, 2022, more than fifty days later.

Employee did not file a response in opposition to Employer's summary judgment motion. Instead, two days before the scheduled hearing, Employee filed a Motion for Continuance asking the trial court to delay the hearing or remove the motion from the active docket. In support, Employee submitted unauthenticated medical records from his physician's office, Associated Orthopedics, purportedly indicating Employee's injury was worse than originally thought. Employee also claimed his physician, Dr. Patrick Riggins, was still "in the process of logically pursuing a definitive diagnosis." Employee, however, did not attach any affidavit supporting his request for a continuance as required by Tennessee Rule of Civil Procedure 56.07.

The Court issued a Compensation Order on September 29, 2022, denying Employee's Motion for Continuance and awarding summary judgment to Employer. The Court denied a continuance because the motion was not supported by an affidavit as required by Rule 56.07 and because it was filed too close to the scheduled hearing date under governing administrative rules. The Court granted Employer's Motion for Summary Judgment because Employee failed to present any evidence legally sufficient to establish medical causation.

On October 31, 2022, Employee filed a Motion to Alter or Amend the Court's Compensation Order, and attached an unauthenticated written causation opinion from Dr. Riggins. Dr. Riggins opined the Employee's employment was more likely than not primarily responsible for Employee's injury and for his need for treatment. Employee again attached unauthenticated medical records allegedly supporting his claims. Employee's counsel claimed he did not know about Employee's changed medical condition and additional physician visits until after Employer filed its Motion for Summary Judgment.

The Court subsequently entered an Order denying Employee's Motion to Alter or Amend on November 9, 2022. The Court adhered to its prior summary judgment and concluded the Employee's late-filed medical documents were inadmissible because they were not supported by an affidavit or otherwise properly authenticated.

Employee filed a Notice of Appeal from the Court's decision on December 9, 2022. The Workers' Compensation Appeals Board affirmed the trial court's summary judgment on March 23, 2023. The Appeals Board concluded summary judgment was proper because Employee did not introduce any evidence legally sufficient to establish medical causation. Likewise, the Appeals Board held the trial court correctly denied Employee's Motion for a continuance and his Motion to Alter or Amend given Employee's failure to submit any authenticated medical records or affidavit supporting his motions.

On April 24, 2023, Employee brought this appeal from the Appeals Board's decision. Both Employee and Employer raise issues on appeal. Employee, on the one hand, argues the trial court mistakenly denied his Motion to Continue the summary judgment hearing and his Motion to Alter or Amend the summary judgment. Employer, on the other hand, argues this Court lacks jurisdiction to consider Employee's arguments because he did not effectively appeal the trial court's orders. Additionally, even if this Court has jurisdiction, Employer argues the trial court made no error. Employer also claims Employee's arguments on appeal are so frivolous the Court should award Employer its attorneys' fees.

**Analysis**

I.

We first consider Employer's jurisdictional arguments. Employer argues the trial court's denial of Employee's Motion for Continuance was an interlocutory decision that Employee must have appealed within seven business days. *See* Tenn. Code Ann. § 50-6-217(a)(2)(A) (requiring appeals from an "interlocutory order" to be filed within seven business days); Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(a) (same). The trial court,

however, did not deny Employee's Motion for Continuance in an "interlocutory order," as required to trigger the seven-day filing rule. Rather, the Court denied the Motion in its Compensation Order awarding summary judgment to Employer. Accordingly, Employee had thirty days to file a Notice of Appeal from the denial of his Motion for Continuance. *See* Tenn. Code Ann. § 50-6-217(a)(2)(B) (giving parties thirty days to file an appeal from a final "compensation order").

Because Employee timely filed a Motion to Alter or Amend the Court's Compensation Order on October 31, 2022, finality of the Compensation Order was suspended until the trial court denied that Motion on November 9, 2022. *See, e.g., Watson v. Lab. Smart, Inc.,* No. 2015-06-1358, 2017 WL 1180633, at *5 (Tenn. Workers' Comp. App. Bd. Feb. 3, 2017) (explaining that appellant properly filed motion to alter or amend and finality did not attach until trial court resolved that motion); *Garassino v. W. Express, Inc.,* No. 2014-07-0013, 2016 WL 8468435, at *2–3 (Tenn. Workers' Comp. App. Bd. Nov. 7, 2016) (noting that the timely filing of post-judgment motion extended deadline to file notice of appeal). Employee timely filed his Notice of Appeal on December 9, 2022, within thirty days of the trial court's final order denying Employee's Motion to Alter or Amend. Consequently, this Court has jurisdiction to consider Employee's challenge to the trial court's denial of his Motion to Continue the summary judgment hearing.

Second, Employer argues Employee did not effectively appeal the trial court's denial of his Motion to Alter or Amend. Employer provides no basis for finding Employee's Notice of Appeal defective. As noted above, Employee timely filed his Notice of Appeal within thirty days of the trial court's Order denying Employee's Motion to Alter or Amend. Timely filed Notices of Appeal generally play no part in defining the scope of appellate review. *See* Tenn. R. App. P. 3, 13(a). Employee's Notice of Appeal would still be sufficient because the Notice specifically designates the November 9, 2022 Order denying his Motion to Alter or Amend. Employer cannot claim it lacked notice of Employee intending to challenge the denial of his Motion to Alter or Amend on appeal. The Court has jurisdiction over Employee's appeal in its entirety.

II.

Turning to the merits, we review Employee's challenge to the trial court's denial of his Motion to Continue the summary judgment hearing for abuse of discretion. *See, e.g., Tidwell v. Colonial Rubber Works, Inc.,* No. 02S01-9505-CH-00048, 1996 WL 79360, at *5 (Tenn. Feb. 23, 1996); *Love v. Delta Faucet Co.,* No. 2015-07-0195, 2018 WL 2079282, at *2 (Tenn. Workers' Comp. Appeals Bd. Apr. 30, 2018). Likewise, Employee's challenge to the trial court's denial of his Motion to Alter or Amend the Compensation Order is also reviewed for abuse of discretion. *See, e.g., White v. Nissan N. Am., Inc.,* No.

M2009-02189-WC-R3-WC, 2011 WL 1434613, at *5 (Tenn. Special Workers Comp. Panel Apr. 14, 2011).

As explained below, we conclude the trial court did not abuse its discretion in denying Employee's motions.

*Employee's Motion to Continue the Summary Judgment Hearing*

First, Employee has not shown the trial court abused its discretion in denying Employee's eleventh-hour request for a continuance of the summary judgment hearing. As the trial court recognized, a litigant seeking to continue a summary judgment hearing generally must file an affidavit explaining why he needs additional time to respond to the pending summary judgment motion. *See* Tenn. R. Civ. P. 56.07 (authorizing a continuance if "it appear[s] from the affidavits of a party opposing the motion [for summary judgment] such party cannot for reasons stated present by affidavit facts essential to justify the opposition").

Here, Employee did not file the required affidavit with his Motion seeking a continuance. Additionally, Employee's Motion was filed at the last minute—two days before the summary judgment hearing. As the trial court noted, this delay violated administrative rules requiring all responses to dispositive motions to be filed at least five days before a scheduled dispositive-motion hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(b). Finally, Employee's Motion provided no persuasive explanation for his lengthy delay in seeking the continuance and in providing a timely causation opinion.

For these reasons, the trial court did not abuse its discretion in denying Employee's defective and untimely Motion seeking a continuance of the summary judgment hearing.

*Employee's Motion to Alter or Amend the Compensation Order*

Likewise, the trial court did not abuse its discretion in denying Employee's subsequent Motion to Alter or Amend the summary judgment in Employer's favor. Employee's Motion to Alter or Amend attached a signed form from Dr. Riggins opining that Employee's employment was more likely than not primarily responsible for Employee's injury and for the need for treatment. Employee's Motion also attached medical records from Dr. Riggins purportedly supporting this statement.

The trial court denied Employee's Motion to Alter or Amend because Employee "did not file any expert medical affidavits or depositions" on the causation question raised by Employer's Motion for Summary Judgment. The Appeals Board affirmed the trial

court's judgment on this ground, noting "medical records, standing alone, are not [sufficient]" to survive summary judgment.

On appeal, Employee argues Dr. Riggins' causation statement is tantamount to a signed "Form C-32" and is therefore admissible and legally sufficient to survive summary judgment. A Form C-32 is a statutorily authorized method for introducing medical evidence that does not require an authenticating affidavit. *See* Tenn. Code Ann. § 50-6-235. Employee, however, did not present this Form C-32 argument to the trial court. In fact, Employee did not attempt to analogize Dr. Riggins' causation statement to a Form C-32 until his reply brief before the Appeals Board. As a result, this argument is waived.

In any event, even if Employee's Form C-32 argument were preserved, the argument would fail to establish an abuse of discretion. The statute authorizing the Form C-32 allows a party to introduce medical evidence from a physician "through a written medical report *on a form established by the administrator*," Tenn. Code Ann. § 50-6-235(c)(1) (emphasis added), supporting the trial court's finding that the statement signed by Dr. Riggins is not sufficient. Moreover, even assuming Dr. Riggins' statement could be considered tantamount to a Form C-32, there is no evidence in the record Employee provided Employer with the statutorily required 20-day advance notice before using the form. *See* Tenn. Code Ann. § 50-6-235(c)(2).

Accordingly, the trial court did not abuse its discretion in denying Employee's Motion to Alter or Amend the Compensation Order awarding summary judgment to Employer.

### III.

Finally, Employer seeks to recover its attorneys' fees on appeal, claiming Employee's legal arguments are frivolous. *See* Tenn. Code Ann. § 50-6-225(e). Although Employee cannot establish the trial court abused its discretion, we do not find his arguments to be so devoid of merit as to warrant a discretionary sanction for bringing this appeal. Consequently, in the exercise of our discretion, we decline to award Employer its attorneys' fees in these circumstances.

### Conclusion

For these reasons, we affirm the Appeals Board's decision. Costs on appeal are taxed to Appellant, David Hutchins, for which execution may issue if necessary.

_____
DON R. ASH, SR., SENIOR JUDGE

# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT KNOXVILLE

## DAVID HUTCHINS v. CARDINAL GLASS INDUSTRIES, ET AL.

### [TrialCourt] for Workers' Compensation Appeals Board County
### No. 2021-02-0572

### No. E2023-00587-SC-R3-WC

FILED

JAN 11 2024

Clerk of the Appellate Courts
REc'd By

### JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed to Appellant, David Hutchins for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM